IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SYMBOLOGY INNOVATIONS LLC,

Plaintiff,

v.

JOHNSON HEALTH TECH
NORTH AMERICA, INC.,
d/b/a MATRIX,

Defendant.

Case No.  3:18-cv-00687

TRIAL BY JURY DEMANDED

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Johnson Health Tech North America, Inc. d/b/a Matrix ("Johnson Health"), by their counsel, Michael Best & Friedrich LLP, respond to Plaintiff's Complaint for Patent Infringement as follows:

1.      This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant Johnson Health Tech North America, Inc., d/b/a Matrix, (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Symbology, from U.S. Patent Nos. 8,424,752 (the "'752 patent", attached hereto as Exhibits A); 8,651,369 (the "'369 patent", attached hereto as Exhibits B); and 8,936,190 (the "'190 patent", attached hereto as Exhibits C) (collectively the "Patents-In-Suit") pursuant to 35 U.S.C. § 271, and to recover damages, attorney's fees, and costs.

ANSWER:      Johnson Health admits that the Complaint purports to allege infringement and profiting of one or more claims of U.S. Patent No. 8,424,752  ("the '752 patent") and U.S. Patent No. 8,936,190 ("the '190 patent"). Defendant denies that any valid and enforceable claims of the patents-in-suit are infringed.

2.      Plaintiff Symbology is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

ANSWER: Johnson Health is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations in this Paragraph.

3.      Upon information and belief, Defendant is a corporation organized under the laws of Wisconsin, having a principal place of business at 1600 Landmark Drive, Cottage Grove, WI 53527.  Upon information and belief, Defendant may be served with process through its registered agent at 1600 Landmark Dr., Cottage Grove, WI 53527-8967.

ANSWER:     Admitted.

4.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

ANSWER:     Admitted.

5.      This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction as well as because of the injury to Symbology, and the cause of action Symbology has risen, as alleged herein.

ANSWER:     Admitted as to jurisdiction; otherwise, denied.

6.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Wisconsin Long Arm Statute, due at least to its substantial business in this forum, including:  (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Wisconsin and in this judicial district.

ANSWER:     Admitted as to jurisdiction; otherwise, denied.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this District, and/or has committed acts of infringement and has a regular and established place of business in this District.

ANSWER:     Johnson Health admits that venue is proper under federal law, but denies that it is infringing or has infringed any valid claim of the above patents.

8.     The written description for the Patents-in-Suit indicates that electronic devices at the time of the invention could be enhanced with software applications to enable the information retrieval procedures described by the Patents-in-Suit.

ANSWER:     The Patents-in Suit speak for themselves. Otherwise, denied.

9.     Accordingly, the combination of steps and/or functionalities—as embodied for example in claim 1—resulted in the enhancement or improvement of electronic devices at the time of the invention.

ANSWER:     Denied.

10.     On April 23, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '752 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

ANSWER:     Johnson Health admits that the USPTO issued '752 patent on April 23, 2013. Johnson Health is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this Paragraph, and therefore denies the allegations in this Paragraph.

11.     Symbology is presently the owner of the patent, having received all right, title and interest in and to the '752 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '752 patent, including the exclusive right to recover for past infringement.

ANSWER:     Johnson Health is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations in this Paragraph.

12.     The '752 patent contains three independent claims and twenty-five dependent claims.  Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '752 patent.

ANSWER:     Johnson Health admits that the '752 patent contains three

independent claims and twenty-five dependent claims. Johnson Health denies the

remaining allegations in this Paragraph.

13.     The invention claimed in the '752 patent comprises a method for enabling
a portable electronic device to retrieve information about an object when the object's
symbology, is detected.

ANSWER:     The claims speak for themselves. Otherwise, denied.

14.     The Notice of Allowance for the patent application that resulted in the
'752 patent —dated December 19, 2012— indicates that the prior art of record, taken
alone, or in combination with any other prior art, fails to teach or fairly suggest the
specific features recited in the claims of the '752 patent.

ANSWER:     The claims speak for themselves. Otherwise, denied.

15.     On February 18, 2014, the United States Patent and Trademark Office
("USPTO") duly and legally issued the '369 patent, titled "System and method for
presenting information about an object on a portable electronic device" after a full and
fair examination.

ANSWER:     Johnson Health admits that the USPTO issued '369 patent on April

23, 2013. Johnson Health is without knowledge or information sufficient to form a belief

about the truth of the remaining allegations in this Paragraph, and therefore denies the

allegations in this Paragraph.

16.     Symbology is presently the owner of the patent, having received all right,
title and interest in and to the '369 patent from the previous assignee of record.
Symbology possesses all rights of recovery under the '369 patent, including the
exclusive right to recover for past infringement.

ANSWER:     Johnson Health is without knowledge or information sufficient to

form a belief as to the truth of the allegations in this Paragraph, and therefore denies the

allegations in this Paragraph.

4

17.     The '369 patent contains three independent claims and twenty-five dependent claims.  Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '369 patent.

ANSWER:     Johnson Health admits that the '369 patent contains three

independent claims and twenty-five dependent claims. Johnson Health denies the

remaining allegations in this Paragraph.

18.     The invention claimed in the '369 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

ANSWER:     The claims speak for themselves. Otherwise, denied.

19.     The Notice of Allowance for the patent application that resulted in the '752 patent — dated October 9, 2013 — indicates that the prior art of record, taken alone, or in combination with any other prior art, fails to teach or fairly suggest the specific features recited in the claims of the '369 patent.

ANSWER:     The claims speak for themselves. Otherwise, denied.

20.     On January 20, 2015, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '190 patent, titled "System and method for presenting information about an object on a portable electronic device" after a full and fair examination.

ANSWER:     Johnson Health admits that the USPTO issued '190 patent on April

23, 2013. Johnson Health is without knowledge or information sufficient to form a belief

about the truth of the remaining allegations in this Paragraph and therefore denies the

allegations in this Paragraph.

21.     Symbology is presently the owner of the patent, having received all right, title and interest in and to the '190 patent from the previous assignee of record. Symbology possesses all rights of recovery under the '190 patent, including the exclusive right to recover for past infringement.

5

ANSWER:      Johnson Health is without knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph, and therefore denies the allegations in this Paragraph.

22.      The '190 patent contains three independent claims and seventeen dependent claims.  Defendant uses, inter alia, methods that perform all the steps recited in at least one claim of the '190 patent.

ANSWER:      Johnson Health admits that the '190 patent contains three independent claims and seventeen dependent claims. Johnson Health denies the remaining allegations in this Paragraph.

23.      The invention claimed in the '190 patent comprises a method for enabling a portable electronic device to retrieve information about an object when the object's symbology, is detected.

ANSWER:      The claims speak for themselves. Otherwise, denied.

24.      The Notice of Allowance for the patent application that resulted in the '752 patent —dated September 15, 2014— indicates that the prior art of record, taken alone, or in combination with any other prior art, fails to teach or fairly suggest the specific features recited in the claims of the '190 patent.

ANSWER:      The claims speak for themselves. Otherwise, denied.

## COUNT I

25.      Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 24.

ANSWER:      Johnson Health re-alleges and incorporates by reference its responses to paragraphs 1 through 24 of Plaintiff's Complaint as though fully set forth herein.

26.      In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '752 patent.

ANSWER:      Denied.

6

27.     Defendant has had knowledge of infringement of the '752 patent at least as of the service of this complaint.

ANSWER:     Denied.

28.     On information and belief, Defendant has infringed and continues to infringe at least Claim 1 of the '752 patent by using and/or incorporating Quick Response Codes (QR codes) into promotional material in a manner covered by '752 patent, and upon doing so, performing all of the steps of at least Claim 1 of the '752 patent upon internally testing said QR Codes with an electronic device capable of both reading the QR Code and performing the steps set forth in Claim 1 Defendant has infringed and continues to infringe the '752 Patent in violation of 35 U.S.C. § 271.

ANSWER:     Denied.

29.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes into products, associating such QR codes with products and/or services.   One specific example of Defendant's activity involves the use of QR codes on fitness equipment associated with Defendant's products/services.

ANSWER:     Denied.

30.     For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with fitness equipment.   On information and belief, Defendant has captured a digital image of a QR code associated with its fitness equipment, an example of which is shown below.



ANSWER:    Denied.

31.    On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and fitness equipment.

ANSWER:    Denied.

32.    On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the product or service associated with the QR code).  On information and belief, the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

ANSWER:    Denied.

33.    For example, if a user scans a QR code associated with Defendant's fitness equipment, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server.  The server returns information associated with the QR code.  In this example, the information received by the user and displayed on the portable electronic device is information related to Defendant's products/services, and includes a website providing additional information about the product/service as shown below.



ANSWER:     Denied.

34.     By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '752 patent, pursuant to 35 U.S.C. § 271.

ANSWER:     Denied.

35.     Defendant has committed these acts of infringement without license or authorization.

ANSWER:     Denied.

36.     As a result of Defendant's infringement of the '752 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

ANSWER:     Denied.

9

37.     Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

ANSWER:     Denied.

## COUNT II

38.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 37.

ANSWER:     Johnson Health re-alleges and incorporates by reference its responses to paragraphs 1 through 37 of Plaintiff's Complaint as though fully set forth herein.

39.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '369 patent.

ANSWER:     Denied.

40.     Defendant has had knowledge of infringement of the '369 patent at least as of the service of this complaint.

ANSWER:     Denied.

41.     On information and belief, Defendant has infringed and continues to infringe at least Claim 1 of the '369 patent by using and/or incorporating QR codes into promotional material in a manner covered by the '369 patent and upon doing so, performing all of the steps of at least Claim 1 of the '369 patent upon internally testing said QR Codes with an electronic device capable of both reading the QR Code and performing the steps set forth in Claim 1.  Defendant has infringed and continues to infringe the '369 Patent in violation of 35 U.S.C. § 271.

ANSWER:     Denied.

42.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes into its fitness equipment, associating such QR codes with products and/or services.  One specific example of Defendant's activity involves the use of QR codes on fitness equipment associated with Defendant's products/services.

10

ANSWER:    Denied.

43.    For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with fitness equipment.   On information and belief, Defendant has captured a digital image of a QR code associated with its fitness equipment, an example of which is shown below.



ANSWER:    Denied.

44.    On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and fitness equipment.

ANSWER:    Denied.

45.    On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the products or service associated with the QR code).  On information and belief, the scanning technology is used to decode the symbology to obtain a decode string.  The decode string is sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

ANSWER:    Denied.

46.     For example, if a user scans a QR code associated with Defendant's fitness equipment, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server.  The server returns information associated with the QR code.  In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products/services, and includes a website providing additional information related to the product/service as shown below.



ANSWER:     Denied.

47.     By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '369 patent, pursuant to 35 U.S.C. § 271.

ANSWER:     Denied.

48.     Defendant has committed these acts of infringement without license or authorization.

ANSWER:     Denied.

49.     As a result of Defendant's infringement of the '369 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

ANSWER:     Denied.

50.     Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

ANSWER:     Denied.

## COUNT III

51.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 50.

ANSWER:     Johnson Health re-alleges and incorporates by reference its

responses to paragraphs 1 through 50 of Plaintiff's Complaint as though fully set forth

herein.

52.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '190 patent.

ANSWER:     Denied.

53.     Defendant has had knowledge of infringement of the '190 patent at least as of the service of this complaint.

ANSWER:     Denied.

54.     On information and belief, Defendant has infringed and continues to infringe at least Claim 1 of the '190 patent by using and/or incorporating QR codes into promotional material in a manner covered by the '190 patent and upon doing so, performing all of the steps of at least Claim 1 of the '190 patent upon internally testing said QR Codes with an electronic device capable of both reading the QR Code and performing the steps set forth in Claim 1. Defendant has infringed and continues to infringe the '190 Patent in violation of 35 U.S.C. § 271.

ANSWER:     Denied.

13

55.     On information and belief, Defendant has, at least through internal testing, used or incorporated QR codes into fitness equipment, associating such QR codes with products and/or services.  One specific example of Defendant's activity involves the use of QR codes on fitness equipment associated with Defendant's products/services.

ANSWER:     Denied.

56.     For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with fitness equipment.  On information and belief, Defendant has captured a digital image of a QR code associated with its fitness equipment, an example of which is shown below.



ANSWER:     Denied.

57.     On information and belief, at least through internal testing, Defendant has used a digital image capturing device of a portable electronic device, such as the camera component of a smart phone for example, to capture a digital image of the QR code associated with its products/services and fitness equipment.

ANSWER:     Denied.

58.     On information and belief, Defendant's capture of the digital image is processed by scanning technology loaded onto the portable electronic device.  The scanning technology detects symbology (for example, a pattern within the QR code) associated with an object (for example, the products or service associated with the QR code).  On information and belief, the scanning technology is used to decode the

symbology to obtain a decode string.  The decode string is  sent to a remote server for further processing.  Based on the decode string, the remote server sends information associated with the QR code, which is received by the user of the portable electronic device and displayed on a display associated with the portable electronic device.

ANSWER:    Denied.

59.    For example, if a user scans a QR code associated with Defendant's fitness equipment, scanning technology decodes the pattern of the QR code to obtain a decode string and sends the decode string to a remote server.  The server returns information associated with the QR code. In this example, the information received by the user and displayed on the portable electronic device is information about Defendant's products/services, and includes a website providing additional information related to the product/service as shown below.



ANSWER:    Denied.

60.    By engaging in the conduct described herein, Defendant has injured Symbology and is thus liable for infringement of the '190 patent, pursuant to 35 U.S.C. § 271.

15

ANSWER:    Denied.

61.    Defendant has committed these acts of infringement without license or authorization.

ANSWER:    Denied.

62.    As a result of Defendant's infringement of the '190 patent, Symbology has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

ANSWER:    Denied.

63.    Symbology will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.  As such, Symbology is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

ANSWER:    Denied.

<u>Response To Plaintiff's Prayer For Relief</u>

Johnson Health incorporates by reference its affirmative defenses below and its responses to paragraphs 1 through 63 of Plaintiff's Complaint and further denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses, Johnson Health states as follows:

1.    Johnson Health does not and did not directly infringe on any valid claim of the '752 patent.

2.    Johnson Health does not and did not directly infringe on any valid claim of the '369 patent.

3.    Johnson Health does not and did not directly infringe on any valid claim of the '190 patent.

4.    One or more claims of the '752 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. seq.*, including without limitation §§ 102 and 103.

5..    One or more claims of the '369 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. seq.*, including without limitation §§ 102 and 103.

6.    One or more claims of the '190 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et. seq.*, including without limitation §§ 102 and 103.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, Johnson Health states as follows:

### The Parties, Jurisdiction, And Venue

1.    These Counterclaims arise under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §1 *et seq.*

2.    Plaintiff is a corporation, organized and existing under the laws of the State of California, with its principal place of business located at 1400 Preston Road, Suite 400, Plano, TX 75093.

3.    Johnson Health is a corporation, organized and existing under the laws of the State of Wisconsin, with its principal place of business located at business at 1600 Landmark Drive, Cottage Grove, WI 53527.

4.    This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5.    This Court has personal jurisdiction over Plaintiff with respect to these Counterclaims.

6.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

7.    Plaintiff alleges that it is the owner of the '752 patent, '369 patent, and the '190 patent.

8.    Plaintiff alleges that Johnson Health has infringed and is infringing one or more claims of the '752 patent, '369 patent, and the '190 patent in its Complaint.

9.    An actual and justiciable controversy has arisen and now exists between Plaintiff and Johnson Health as to whether one or more claims of the '752 patent, '369 patent, and the '190 patent are valid and have been or are being infringed.

<u>First Counterclaim – Non-infringement Of U.S. Patent No. 8,424,752</u>

10.    Johnson Health re-alleges and incorporates by reference paragraphs 1 through 9 of these Counterclaims as though fully set forth herein.

11.    Johnson Health does not and did not directly or indirectly infringe any valid claim of the '752 patent.

12.    A judicial declaration that Johnson Health does not and did not directly or indirectly infringe any valid claim of the '752 patent is necessary and appropriate so that Johnson Health may ascertain its rights with respect to the '752 patent.

<u>Second Counterclaim – Non-infringement Of U.S. Patent No. 8,651,369</u>

13.    Johnson Health re-alleges and incorporates by reference paragraphs 1 through 9 of these Counterclaims as though fully set forth herein.

14.    Johnson Health does not and did not directly or indirectly infringe any valid claim of the '369 patent.

15.    A judicial declaration that Johnson Health does not and did not directly or indirectly infringe any valid claim of the '369 patent is necessary and appropriate so that Johnson Health may ascertain its rights with respect to the '369 patent.

<u>Third Counterclaim – Non-infringement Of U.S. Patent No. 8,936,190</u>

16.    Johnson Health re-alleges and incorporates by reference paragraphs 1 through 9 of these Counterclaims as though fully set forth herein.

17.    Johnson Health does not and did not directly or indirectly infringe any valid claim of the '190 patent.

18.    A judicial declaration that Johnson Health does not and did not directly or indirectly infringe any valid claim of the '190 patent is necessary and appropriate so that Johnson Health may ascertain its rights with respect to the '190 patent.

<u>Fourth Counterclaim – Invalidity Of U.S. Patent No. 8,424,752</u>

19.    Johnson Health re-alleges and incorporates by reference paragraphs 1 through 9 of these Counterclaims as though fully set forth herein.

20.    The claims of the '752 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 et. seq., including without limitation §§ 102 and 103.

21.     A judicial declaration that the claims of the '752 patent are invalid is necessary and appropriate so that Johnson Health may ascertain its rights with respect to the '752 patent.

<u>Fifth Counterclaim – Invalidity Of U.S. Patent No. 8,651,369</u>

22.     Johnson Health re-alleges and incorporates by reference paragraphs 1 through 9 of these Counterclaims as though fully set forth herein.

23.     The claims of the '369 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 et. seq., including without limitation §§ 102 and 103.

24.     A judicial declaration that the claims of the '369 patent are invalid is necessary and appropriate so that Johnson Health may ascertain its rights with respect to the '369 patent.

<u>Sixth Counterclaim – Invalidity Of U.S. Patent No. 8,936,190</u>

25.     Johnson Health re-alleges and incorporates by reference paragraphs 1 through 9 of these Counterclaims as though fully set forth herein.

26.     The claims of the '190 patent are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 et. seq., including without limitation §§ 102 and 103.

27.     A judicial declaration that the claims of the '190 patent are invalid is necessary and appropriate so that Johnson Health may ascertain its rights with respect to the '190 patent.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Johnson Health demands a trial by jury of any and all issues so triable in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Johnson Health prays for Judgment as follows:

(1)     That the Complaint and each cause of action contained therein be dismissed against Defendant with prejudice and that Plaintiffs take nothing by this action;

(2)     That judgment be entered in favor of Defendant;

(3)    That Defendant recover its costs, disbursements, expenses, and attorneys' fees herein; and,

(4)    That the Court grant such other and further relief as it may deem just and proper.

Dated this 17th day of September, 2018.

**MICHAEL BEST & FRIEDRICH LLP**


By: */s/ John C. Scheller*
        John C. Scheller, SBN 1031247
        One South Pinckney Street, Suite 700
        P.O. Box 1806
        Madison, WI 53701-1806
        Ph.  608.257.3501
        Fax:  608.283.2275
        Email:  jcscheller@michaelbest.com


Attorneys for Defendant